·7927

B. S. JOSEY & CO. v. BURRIS.

1. JURISDICTION.—Whether a case is tried in the proper county is a jurisdictional question relating to the person and may be waived.

2. MORTGAGES—REDEMPTION.—A mortgagor may redeem chattels in possession of mortgagee by verdict in claim and delivery.

Before MEMMINGER, J., Darlington, April term, 1907. Affirmed.

Action by B. S. Josey & Co. against Davis Burris. Defendant appeals.

*Messrs. Spears & Dennis,* for appellant.

*Mr. W. F. Dargan,* contra, cites: *As to jurisdiction of the Court:* 23 Stat. 1199, 1200; Code of Proc. 147, sub. 3, 144, sub. 4; 16·S. C. 285.

June 6, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action in claim and delivery, of certain personal property.

The plaintiffs, upon compliance with the requirements of the Code, required the sheriff to deliver the property to them.

Thereafter, under proper proceedings, the property was returned to the defendant.

On the trial of the case, the jury rendered a verdict, in favor of the plaintiffs, for the possession of the property or three hundred dollars, the value thereof. The defendant appealed.

The only question which the defendant argued is, whether the Court had jurisdiction to try the case in Darlington county.

The action was commenced in 1901, and, at that time, all the above named parties resided in Darlington county, and

the property in dispute was situated in that county. In February, 1902, the legislature created Lee county. On the 20th of March, 1902, the attorneys representing the respective parties, entered into an agreement, that they would not have the case transferred to Lee county, and that it should be tried in Darlington county. On the 4th of September, 1908, they also made an agreement, to redocket the case in Darlington county, and that it should be tried in that county.

The provisions of the act creating the county of Lee, are similar to those which were construed, in the case of *The State* v. *Bethea*, MSS. Dec., and the principles therein stated show that the jurisdiction related to the person, and was waived.

The other questions presented by the exceptions, were not argued by the appellant's attorneys, but, waiving this objection, they are without merit.

It may be well, at this time, to state, that the verdict rendered in favor of the plaintiffs, for the possession of the property, does not determine their absolute right thereto, as they hold its possession merely as mortgagees, subject to the right of the defendant to invoke the provisions of section 3006 of the Code of Laws, which is as follows:

"The mortgagor of any chattel, shall have the right to redeem the property mortgaged by him, at any time before sale by the mortgagee, by paying the mortgage debt and any costs incurred in attempting to enforce its payment, and a tender made by the mortgagor of an amount, sufficient to pay said debt and costs, if not accepted, shall render the mortgage null and void."

Appeal dismissed.

MR. JUSTICE HYDRICK *did not sit in this case.*